IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


DONNA L. BRUBACK, ESTHER
CASAUS-GARCIA, DEBORAH
FERRARA-HEH, MAX C. HERRERA,
MICHAEL MATHIS, GERALD MILLION,
MICHAEL MORENO, YOLANDA MORENO,
TED PAEZ, WILLIAM RIGERS, WALTER
M. SMALL, VELMA TAPIA-CHAVEZ, RICK
WALKER, AND THELMA WEST, on behalf of
themselves and all other similarly situated,

        Plaintiffs,

vs.                                            No. 10-CIV-01113-MV-ACT

CITY OF ALBUQUERQUE,

        Defendant.


**MAGISTRATE JUDGES'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

      THIS MATTER comes before the Court on the Order of Reference from the Honorable Judge Martha Vazquez filed on January 19, 2010 pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) & (b)(3) [Doc. 69]. Judge Vazquez referred the Plaintiffs' Motion and Memorandum in Support for Certification of the Collective Action and Court-Facilitated Notice to Similarly-Situated Employees ("the Motion")[Doc. 26] to the undersigned Magistrate Judge "to conduct a hearing on the motion, including an evidentiary hearing, if necessary; and to perform any legal analysis required to recommend to the District Court an ultimate disposition of the motion." [Doc. 69.] Having considered the pleadings, the submissions of the parties, and the relevant law the undersigned Magistrate Judge recommends that the Motion be granted as a

1

conditional certification and that the proposed notice be revised pursuant to the Defendant's requests as outlined in its Response to the Motion [Doc. 33].

Nature of the Case

1.      The parties describe the case as follows:

> Plaintiffs, current and former employees of the City of Albuquerque sued the City on behalf of a proposed class of all current and former Security [sic] guards who are or were employed by the City. They allege the City violated the Fair Labor Standard Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), by failing to pay its security guards for all hours worked and by failing to pay overtime wages. Specifically, Plaintiffs allege that they, and other security guards are directed to report at least five minutes prior to their scheduled shift time, but that they are wrongly not compensated for this extra work time. Defendant denies that it violated the FLSA and denies any wrongdoing whatsoever.

[Doc. 18, Joint Status Report at p. 1.]

Procedural Background.

2.    This action commenced on November 23, 2010 with the filing of the Plaintiffs' Complaint for Violations of the FLSA, Collective Action Complaint 29 USC Sec. 216(b). [Doc. 1.][1]

3.    On March 16, 2011, the undersigned Magistrate Judge issued an Order adopting the Joint Status Report and Provisional Discovery Plan. [Doc. 22.]

4.    On April 26, 2011, Plaintiffs' filed their Motion to Certify Class Collective Action and Court-Facilitated Notice. [Doc. 26.] The briefing was completed on June 14, 2011. [Doc. 35.]

5.    On June 16, 2011, the undersigned Magistrate Judge issued an Order amending the

---

[1] An Amended Complaint was filed on January 12, 2011 adding additional plaintiffs. [Doc. 14.]

case management deadlines extending the discovery deadline to September 16, 2011, discovery motion deadline to September 30, 2011, and pretrial motions to October 31, 2011.  [Doc. 38.] On October 26, 2011, the undersigned Magistrate Judge extended the deadline for filing dispositive motions until November 30, 2011. [Doc. 55.]  On November 30, 2011 Judge Vasquez extended the deadline for dispositive motions to December 30, 2011. [Doc. 59.]

6. Both parties filed supplemental memorandums of law on the Plaintiffs' Motion for Certification. [Doc. 57 filed on November 16, 2011 and Doc. 60 filed on November 30, 2011.]

7. On December 7, 2011 the Defendant filed a motion to vacate the case management deadlines on the grounds that the Plaintiffs' motion for "conditional certification" was still pending before the Court and that the Defendant also planned to file a motion for summary judgment by December 30, 2011, the deadline for dispositive motions.  The Defendant stated that the resolution of these motions would likely significantly change the posture of the case. [Doc. 61.]

8. On December 30, 2011, both parties filed motions for summary judgment. [Doc. 63 and Doc. 64.]

9. On January 19, 2012, Judge Vasquez referred the Plaintiffs' Motion to Certify Class Collective Action and Court-Facilitated Notice to the undersigned Magistrate Judge. [Doc. 69.]

Analysis

10. Under the FLSA, an employee may bring a collective action on behalf of "similarly situated" employees.   29 U.S.C. § 216(b).  The purpose of collective action under the FLSA is to give "plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources," and to benefit the judicial system "by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged. . . activity." *Hoffmann-La Roche*

*Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "Observing that class actions serve important goals but also present opportunities for abuse . . . a district court has both the duty and broad authority" to oversee the joinder of additional parties to assure the task is accomplished in an efficient and proper way. *Id.* at 170-71. Unlike Rule 23 class actions, putative class members under the FLSA must opt-in to the class rather than opt-out. *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001), *cert. denied*, 536 U.S. 934 (2002) [2].

      11. "The opt-in language of § 216(b) was a direct result of this clear congressional dissatisfaction with the original class action provisions of the FLSA" and was designed to "limit the burden on the defendant and the participation of the court." *Dolan v. Project Constructions Corp.*, 725 F.2d 1263, 1267 (10th Cir.1984). Once a FLSA collective action is initially certified upon a determination that a group of employees are "similarly situated," the opt-in plaintiffs may be subject to some individualized discovery, following which they will be required to demonstrate that they are "similarly situated" under a stricter standard. *Thiessen*, 267 F.3d at 1102–3; *Miller v. Startek USA, Inc.*, 2011 WL 1883012, 1 (D.Colo. May 5, 2011)(unpublished).

> Congress specifically abandoned a representative, opt-out scheme and created the current opt-in procedures for FLSA actions in response to "excessive litigation spawned by plaintiffs lacking a personal interest in the outcome," in order to limit "private FLSA plaintiffs to employees who asserted claims in their own right," and to free "employers from the burden of representative actions." *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 173, 110 S.Ct. 482, 488, 107 L.Ed.2d 480 (1989).

*Miller*, 2011 WL 1883012, 1.

      12. Conditional certification of a class under the FLSA requires compliance with the

---

[2] Although *Thiessen* involved a collective action brought under the Age Discrimination in Employment Act ("ADEA"), the Tenth Circuit explicitly noted that the ADEA adopts the class action opt-in mechanism set out in section 216(b) of the FLSA. *Id*. at 1102.

FLSA class action mechanism, which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Whether an employee may maintain a § 216(b) class action, then, depends on whether he or she is "similarly situated" to other members of the putative class. Although § 216(b) does not define the term "similarly situated," the Tenth Circuit has endorsed the ad hoc method of determination. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir.2001).

13. First, a court must determine whether a collective action should be certified for notice purposes. For this "conditional certification," a court "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id*. (internal quotation marks and citations omitted); *see also Shockey v. Huhtamaki, Inc.*, 730 F.Supp.2d 1298, 1300 (D.Kan.2010)*; Hadley v. Wintrust Mortg. Corp.*, 2011 WL 4600623, at *1 (D.Kan. Oct. 3, 2011)(unpublished). This standard is a very lenient one and typically results in certification for the purpose of notifying potential plaintiffs. *Thiessen*, 267 F.3d at 1103; *Williams v. Sprint/United Mgmt. Co.*, 222 F.R.D. 483, 485 (D.Kan.2004). Ordinarily, the court makes the determination fairly early in the litigation, before the parties complete discovery. *Brown v. Money Tree Mortgage, Inc.*, 222 F.R .D. 676, 679 (D.Kan.2004). In making this determination, the court does not reach the merits of the plaintiff's claims. *Shockey v. Huhtamaki, Inc.*, 730 F.Supp.2d at1306; *Armstrong v. Genesh, Inc.*, 2011 WL 6151416 (D.Kan. Dec. 12, 2011)(unpublished).

14. At the second stage, often on a motion by the defendant to decertify, a court may revisits the issue of class certification under a stricter standard, examining such factors as:

(1) the disparate factual and employment settings of the individual plaintiffs; (2)

>   the various defenses available to defendant which appear to be individual to each plaintiff ; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required by the [FLSA] before instituting suit.

*Thiessen,* 267 F.3d at 1103 (citation omitted).  This second stage typically occurs at "the conclusion of discovery."  *Id.*

15.   Other courts in the Tenth Circuit have declined to by-pass the initial stage determination on grounds that discovery was incomplete and a trial had not been set.  *See, e.g., Garcia v. Tyson Foods, Inc.,* 255 F.R.D. 678, 686 (D. Kan.2009)(declining to utilize second stage analysis prior to the conclusion of discovery); *Brown v. Money Tree Mortgage, Inc.,* 222 F.R.D. 676, 680 (D.Kan.2004)(applying lenient standard because the "case has not progressed to the conclusion of discovery"); *Lopez v. Tyson Foods*, 2008 WL 3485289, at *9 (D.Neb Aug.7, 2008)(unpublished)(rejecting defendants' argument that plaintiffs should be held to higher standard for initial certification in light of significant discovery conducted however discovery was not merits based and the case was not set for trial); *Braun v. Superior Indus. Int'l, Inc*., 2010 WL 3879498, at *1 (D.Kan. Sept. 28, 2010)(unpublished); *Wass v. NPC Intern., Inc.*,  2011 WL 1118774, *3 (D.Kan. March 28, 2011)(unpublished).

16.   A district court in the Tenth Circuit was presented with a case somewhat similar to the one before the this Court.  The defendants were asking the court, as the Defendant is here, "to consider the factual setting of each employee at each facility under each supervisor, the distinct job duties of each employee, or defendant's defenses to individual plaintiffs."  *Shockey*, 730 F.Supp.2d at 1306.  There, as in this case, defendant argued that " individual facts and circumstances will dominate this case," *Id.,*  i.e., whether an individual security guard left early after showing up five minutes early, what days, if any, each individual security guard showed up early or perhaps late, and whether each individual security guard took the paid half hour lunch

provided by the Defendant which might negate entirely the applicability of the FLSA.  But the Tenth Circuit has specifically stated that these issues are to be reserved for the second stage, usually "after discovery is completed and the evidence is more fully developed to allow the Court to consider the merits of plaintiffs' claim, the scope of the alleged violation, or the vitality of defendant's defenses."  *Thiessen*, 267 F.3d at 1102-03.  On a motion for conditional certification, the Court does not reach the merits of plaintiffs' claims.  "To the extent defendant has identified possible defenses or justifications for decertification, such arguments will be more fully considered should defendant decide to file a motion for summary judgment or motion for decertification."  *Shockey*, 730 F.Supp.2d at 1306; *Thiessen*, 267 F.3d. at 1102.

17.  Here, the undersigned Magistrate Judge is faced with a conundrum.  No conditional certification, or "opt-in" opportunity, was granted prior to the close of discovery.  In fact, the discovery in this case has been completed [3] and both parties have filed motions for summary judgment.  *See,* Paragraph numbers 2-11, *supra*.  However, the undersigned Magistrate Judge cannot recommend an immediate jump to the second, stricter prong of the analysis for class certification under FLSA.  A second stage analysis of certification and a recommendation at this stage of the litigation would involve substantial focus on the merits of the underlying class action.  Such a recommendation would, in effect, constitute a recommendation on the pending motions for summary judgment.

18.  Therefore, the undersigned Magistrate Judge will recommend that the class be conditionally certified based on the lenient standard described above for conditional class

---

[3]Both parties have propounded Requests for Admission, Interrogatories and Requests for Production, and both parties have taken depositions.  *See, e.g.,* Docs. 24, 25, 30, 31, 32, 39, 40, 41, 43, 44, 46, 47, 49, 51, and 52.

certification for FLSA claims; specifically, based on the fact that the undisputed facts reflect that the putative class members are City of Albuquerque Security Guards, all non-exempt employees under FLSA [Doc. 14 at ¶ 8 (First Amended Complaint) and Doc. 17 (Answer to First Amended Complaint)] and all are covered by a written policy of the City of Albuquerque which states that "Officers should arrive for duty five minutes prior to their assigned shift to be briefed by officers going off duty." [*Id. ;* Doc. 26-1; Doc. 33 at p. 2.]

18. The undersigned Magistrate Judge will also recommend that the proposed notice to the putative class members filed on April 26, 2011 [Doc. 26 at Ex. 6] not be adopted as it is deficient and that the Court should change the proposed notice to address the concerns raised by the Defendant in its Response to the Motion for Certification [Doc. 33 at p. 12-13.]

19. The undersigned Magistrate Judge will leave it up to Judge Vazuez to decide whether the Notice should be filed and additional discovery be allowed before ruling on the pending motions for summary judgment.

## **RECOMMENDED DISPOSITION**

For the reasons stated above the Court recommends as set forth below:

1. That the Court grant the Plaintiffs' Motion for Certification as a conditional certification; and

2. That the Court change the proposed notice to address the concerns raised by the Defendant in its Response to the Motion for Certification.


Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(c). Within fourteen days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(c), file written objections to such

proposed findings and recommendations with the Clerk of the United State District Court, 333 Lomas N.W., Albuquerque, NM 87102.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

                                              ALAN C. TORGERSON
                                              UNITED STATES MAGISTRATE JUDGE